**Bouras Appeal**

*John A. Havey*, for appellant.
*Richard L. Kelly*, for Liquor Control Board.

KLEIN, J., August 7, 1974.—This is an appeal on the part of Gregory Bouras from the refusal by the Pennsylvania Liquor Control Board of his appliccation for approval of transfer to him of restaurant liquor license No. R-14477 for premises at 300 Grand Avenue and 1736 Tyler Street, Aliquippa, Beaver County, Pa.

A hearing was had before the Liquor Control Board on May 10, 1974. The board on June 6, 1974, made an order refusing the application for transfer. In its accompanying opinion, the board set forth:

"1. You are not qualified to be licensed for the retail sale of alcoholic beverages particularly by reason of your numerous arrests for violations of the law.

"2. Your complete arrest record was not listed on the application."

On July 10, 1974, the instant appeal was heard de novo. The appellant produced witnesses who testified as to his good character. The board produced evidence regarding the appellant-applicant's arrest record which included two arrests not listed by appellant on the application form as required.

One of the arrests which appellant failed to list was upon a charge of "loitering and prowling." Said charge was promptly dismissed by the justice of the peace. The underlying facts establish that the charge was filed by the disgruntled father of a girl appellant was seeing and had no basis whatsoever. The other arrest which appellant failed to list involved a charge of disorderly conduct which occurred seven years ago as a result of appellant throwing a can out of the window of an auto and the ensuing discussion concerning same with a police officer.

In view of the fact that appellant did list ten arrests, the failure to list said two arrests is totally inconsequential and entitled to no weight whatsoever.

The appellant is now 36 years of age. Among the ten arrests, the first occurred when he was 15 and involved a charge of shoplifting which was dismissed. The second also occurred while he was 15 on a charge of malicious mischief, which was also dismissed. Of the seven charges in which defendant was convicted, six were for disorderly conduct and one for discharging a firearm in violation of a borough ordinance. All are summary offenses. The testimony established that the discharge of the firearm was in the nature of a prank. The last such offense occurred more than six years ago.

The Liquor Code of April 12, 1951, P.L. 90, as amended, in section 404, 47 PS §4-404, provides, inter alia, as follows:

"And provided further, that the board shall have *the discretion to refuse* a license to any person . . . if such person . . . shall have been convicted or found guilty *of a felony* within a period of five years immediately preceding the date of application for said license." (Emphasis supplied)

The board offered no adverse testimony concerning the applicant's reputation as of the date of appli-

cation. Indeed, the board investigator testified that he interviewed the mayor, the chief of police and a clergyman and that all of them spoke highly of the appellant-applicant. The herein "arrest record" merely establishes that applicant was sowing some wild oats for several years as young males are wont to do, albeit not always in the form of "disorderly conduct."

In the absence of any attack upon the character or reputation of appellant-applicant, we are compelled to, and do, find that Gregory Bouras was, on the date of his application for transfer of license to him, and still is, a reputable individual as required, 47 PS §4-437. See Parenti License, 25 D. & C. 2d 109 (1961). Obviously, if the board has discretion *to grant* a license to one convicted of a felony within five years of application, it would be illegal as well as an abuse of discretion to deny a license to one solely on the basis that he was convicted of summary offenses more than six years prior to application under the maxim "expressio unius est exclusio alterius."

Therefore, the sole issue herein was whether the applicant was a reputable individual. The *board's testimony* established that he was and is.

In addition, the testimony establishes that applicant acquired an associate degree in hotel management in 1972 and has been gainfully employed as an assistant manager for a local restaurant chain. As a matter of fact when the delay occurred by reason of the board's decision, the chain rehired the applicant pending the final outcome. The applicant had resigned in anticipation of his taking over the herein restaurant operation. Also, the applicant has two years of honorable service with the United States Navy.

Frankly, we are constrained to note that we are unable to comprehend why the application was re-

fused, in light of the applicable statutes, the case law and the instant facts. Certainly, if a citizen is to be denied an opportunity to engage in a perfectly legitimate business, compelling and cogent reasons must exist.

For these reasons, we make the following

## ORDER

And now, August 7, 1974, it is ordered, adjudged and decreed that the appeal of Gregory Bouras be, and it is hereby, sustained; and the Pennsylvania Liquor Control Board is ordered to approve the application of transfer of license for premises at 300 Grand Avenue and 1736 Tyler Street, Aliquippa, Beaver County, Pa.